UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Parks Auto Parts, Inc., | ) | C.A. NO.:  2:18-cv-9-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| Salvatore D. Fanelli, individually and | ) | |
| d/b/a Fanelli's Auto, and Anthony Fogle, | ) | *Jury Trial Demanded* |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

The Plaintiff, complaining of the Defendants, would show unto this Court:

1.     The Plaintiff is a corporation organized and existing pursuant to the laws of the State of South Carolina, with its principal place of business located within Charleston County, South Carolina.

2.     Defendant Salvatore D. Fanelli is a citizen and resident of Charleston County, South Carolina.

3.     Defendant Anthony Fogle is a citizen and resident of Charleston County, South Carolina.

4.     This Court has jurisdiction over the subject matter hereof pursuant to 28 USC §1331 and 49 US §32710(b), and venue is proper pursuant to 28 USC §1441.

5.     The Plaintiff is a corporation engaged in the sale and delivery of merchandise to wholesalers and to the general public and, as a part thereof, the Plaintiff needs vehicles to transport the merchandise to its customers.

6.     The Defendants are engaged in the marketing and sale of previously owned motor vehicles to individuals and to businesses such as the Plaintiff.

7.     Heretofore, the Defendants approached the Plaintiff and advised that they had access to used vehicles which could be sold to the Plaintiff at reasonable prices, and that they would provide accurate information to the Plaintiff to assist it in making any decisions in purchasing vehicles from them.

8.     Heretofore, the Defendants agreed to sell and did sell the following vehicles to the Plaintiff, representing that the vehicles had a market value at or in excess of the price being charged therefor, and that the mileage readings upon the odometers of the said vehicles were accurate, to wit:

a)     On June 17, 2015, the Defendants sold to Plaintiff a 2007 Chevrolet Colorado, VIN 1GCCS149678191375 for $6,728.00, with an odometer reading of 74,231 miles;

b)     On June 22, 2015, the Defendants sold to Plaintiff a 2010 Chevrolet Colorado, VIN 1GCCSBD96A8120903 for $7,380.50, with an odometer reading of 108,361 miles;

c)     On September 28, 2015, the Defendants sold to Plaintiff a 2008 Chevrolet Uplander, VIN 1GBDV13W28D206146 for $5,899.00, with an odometer reading of 81,270 miles;

d)     On October 15, 2015, the Defendants sold to Plaintiff a 2007 Chevrolet Colorado, VIN 1GCCS149278227871 for $6,249.00, with an odometer reading of 101,822 miles;

e)     On October 23, 2015, the Defendants sold to Plaintiff a 2008 Chevrolet Uplander, VIN 1GNDV13198D182676 for $6,509.00, with an odometer reading of 91,351 miles;

f)     On December 17, 2015, the Defendants sold to Plaintiff a 2008 Chevrolet Uplander, VIN 1GNDU23W38D133252 for $5,939.00, with an odometer reading of 96,145 miles;

g)     On February 17, 2016, the Defendants sold to Plaintiff a 2007 Chevrolet Colorado, VIN 1GCCS149878226336 for $5,339.00, with an odometer reading of 86,179 miles;

h)  On September 25, 2016, the Defendants sold to Plaintiff a 2008 Chevrolet Uplander, VIN 1GBDV13198D210179 for $5,879.00, with an odometer reading of 78,659 miles

i)  On November 7, 2016, the Defendants sold to Plaintiff a 2008 Chevrolet Uplander, VIN 1GNDV33168D183621 for $5,607.61, with an odometer reading of 86,882 miles;

j)  On April 4, 2017, the Defendants sold to Plaintiff a 2012 Chevrolet Silverado, VIN 1GC0CVCG6CF169387 for $8,300.00, with an odometer reading of 135,033 miles;

9.  The Defendants were obligated to provide to the Plaintiff accurate information regarding the condition of each vehicle and the actual odometer mileage on each vehicle referred to in the preceding paragraph, and were obligated not to take any action to alter, amend, or change the odometer readings of any of the vehicles referred to in Paragraph Eight (8) of this Complaint.

10.  The Plaintiff is informed and believes that following their obtaining the possession of each of the vehicles referred to in Paragraph Eight (8) of this Complaint, the Defendants altered the records of title thereof and altered the odometers upon each vehicle to lower the actual mileage reflected upon the odometer on each vehicle, and/or knew the vehicles contained an inaccurate reflection of the odometer mileage upon each vehicle yet failed to advise the Plaintiff of the correct mileage each vehicle had been driven prior to the sale to the Plaintiff.

11.  Following the sale and deliver of each of the vehicles referred to in Paragraph Eight (8) of this Complaint, the Plaintiff discovered that the odometer readings on each of the referenced vehicles were false and fraudulently changed, to wit:

a)  Although the odometer reading at the time of the sale of the 2007 Chevrolet Colorado, VIN 1GCCS149678191375 was 74,231 miles, it has been discovered that the actual mileage on the vehicle, reported two months prior to the sale, was 149,084 miles;

b)  Although the odometer reading at the time of the sale of the 2010 Chevrolet

Colorado, VIN 1GCCSBD96A8120903 was 108,361 miles, it has been discovered that the actual mileage on the vehicle, reported three months prior to the sale, was 135,523 miles

c)      Although the odometer reading at the time of the sale of the 2008 Chevrolet Uplander, VIN 1GBDV13W28D206146 was 81,270 miles, it has been discovered that the actual mileage on the vehicle, reported one month prior to the sale, was 121,401 miles;

d)      Although the odometer reading at the time of the sale of the 2007 Chevrolet Colorado, VIN 1GCCS149278227871 was 101,822 miles, it has been discovered that the actual mileage on the vehicle, reported the same month as the date of the sale, was 181,877 miles;

e)      Although the odometer reading at the time of the sale of the 2008 Chevrolet Uplander, VIN 1GNDV13198D182676 was 91,351 miles, it has been discovered that the actual mileage on the vehicle, reported the month previous to the date of the sale, was 191,351 miles;

f)      Although the odometer reading at the time of the sale of the 2008 Chevrolet Uplander, VIN 1GNDU23W38D133252 was 96,145 miles, it has been discovered that the actual mileage on the vehicle, reported four months previous to the date of the sale, was 175,787 miles;

g)      Although the odometer reading at the time of the sale of the 2007 Chevrolet Colorado, VIN 1GCCS149878226336 was 86,179 miles, it has been discovered that the actual mileage on the vehicle, reported six months previous to the date of the sale, was 196,740 miles;

h)      Although the odometer reading at the time of the sale of the 2008 Chevrolet Uplander, VIN 1GBDV13198D210179 was 78,659 miles, it has been discovered that the actual mileage on the vehicle, reported ten months previous to the date of the sale, was 153,705 miles

i)      Although the odometer reading at the time of the sale of the 2008 Chevrolet Uplander, VIN 1GNDV33168D183621 was 86,882 miles, it has been discovered that the actual mileage on the vehicle, reported two months previous to the date of the sale, was 135,249 miles;

j)      Although the odometer reading at the time of the sale of the 2012 Chevrolet Silverado, VIN 1GC0CVCG6CF169387 was 135,033 miles, , it has been discovered that the actual mileage on the vehicle, reported one month previous to the date of the sale, was 215,293 miles.

12.     The alteration of the odometer readings prior to the marketing and sale of the aforesaid vehicles to the Plaintiff has caused substantial damages to the Plaintiff, in that the Plaintiff paid more than the reasonable and market value for each of the said vehicles, the Plaintiff has been required to expend additional moneys in maintenance, upkeep and repair of the vehicles, the Plaintiff has had to pay excess insurance premiums based upon the stated value of the vehicles, and the Plaintiff has experienced accelerated depreciation in the value of the vehicles.

FOR A FIRST CAUSE OF ACTION
*(Violation of Federal Odometer Disclosure Requirements, 49 USC §32701 et seq.)*

13.     The Plaintiff repeats and realleges the allegations of Paragraphs One (1) through Twelve (12) of this Complaint as if realleged herein verbatim.

14.     The Defendants are dealers as that term is defined in 42 U.S.C. §32702.

15.     The Plaintiff is informed and believes that the Defendants have disconnected, reset, and/or altered each of the odometers on each of the vehicles referenced in Paragraph Eight (8) of this Complaint, in violation of 49 U.S.C. §3270(2), and have conspired to so disconnect, reset, and/or alter the said odometers in violation of 49 U.S.C. §3270(4).

16.     The Plaintiff is informed and believes that the Defendants have transferred ownership of the vehicles referred to in Paragraph Eight (8) of this Complaint without giving the Plaintiff written disclosure of the actual mileage n each of the vehicles so listed, despite their knowledge of the actual mileage therefor and that actual knowledge that the mileage reflected upon the odometer readings was false, all in violation of 40 U.S.C. §32715.

17.     The Defendants, individually and jointly, intentionally and knowingly conspired to defraud the Plaintiff in the course of the sale of each vehicle listed in Paragraph Eight (8) of this

Complaint.

18.     By altering the odometers and selling the aforesaid vehicles with knowledge that the odometers thereon had been disconnected, reset, and/or altered, the Defendants are jointly and severally liable to the Plaintiff in an amount of three (3) times the actual damages incurred for each such violation, or Ten Thousand and no/100 ($10,000.00) Dollars for each such violation, whichever is greater, plus the costs, expenses and attorneys fees incurred in bringing this action and recovering judgment hereunder.

FOR A SECOND CAUSE OF ACTION
(*Violation of SC Regulation of Manufacturers, Distributors and Dealers Act*)
(*S.C. Code Ann. §56-15-10 et seq.*)

19.     The Plaintiff repeats and realleges the allegations of Paragraphs One (1) through Twelve (12) of this Complaint as if realleged herein verbatim.

20.     This Court has pendent jurisdiction to hear and determine the allegations of this Second Cause of Action.

21.     The Defendants have engaged directly or indirectly in purposeful contacts within this State in connection with the offering or advertising for sale, and have had business dealings with respect to, the motor vehicles described in Paragraph Eight (8) of this Complaint.

22.     The Defendants are "motor vehicle dealers" as that term is defined in S.C. Code Ann. §56-15-10.

23.     In altering the odometers of the vehicles referred to in Paragraph Eight (8)of this Complaint, as well as in selling the same with knowledge of the altered odometer readings, the Defendants have engaged in unfair or deceptive acts or practices, in violation of S.C. Code Ann. §56-15-30.

24.     In tampering with the odometers in the aforesaid vehicles, the Defendants have acted maliciously.

25.     By reason of the foregoing unfair and deceptive practices committed by the Defendants, the Defendants are liable to the Plaintiff in an amount of double the actual damages sustained arising from the sale and operation of each vehicle, punitive damages in the amount of three times the actual damages sustained, plus the costs, expenses and attorneys fees incurred in prosecuting this action.

FOR A THIRD CAUSE OF ACTION<br>(<em>Violation of SC Unfair Trade Practices Act, S.C. Code Ann. §56-15-10 et seq.</em>)

26.     The Plaintiff repeats and realleges the allegations of Paragraphs One (1) through Twelve (12) of this Complaint as if realleged herein verbatim.

27.     This Court has pendent jurisdiction to hear and determine the allegations of this Third Cause of Action.

28.     The aforementioned acts and practices of the Defendants were unfair and deceptive.

29.     The aforementioned acts and practices of the Defendants were committed in interstate and intrastate commerce, and have an effect upon such commerce.

30.     The aforementioned acts and practices of the Defendants are against the public interest of the people of the State of South Carolina, and are capable of repetition and have been repeated by the Defendants.

31.     The Defendants' actions were willful and wanton in that the Defendants knew or should have known that their conduct was unfair and deceptive and, therefore, a violation of the laws, statutes and common law of the State of South Carolina concerning unfair and deceptive acts

and practices.

32.    As a result of the Defendants' violation of the South Carolina Unfair Trade Practices Act, the Plaintiffs have been damaged in the particulars heretofore mentioned.

33.    As a result of the Defendants' wilful violation of the South Carolina Unfair Trade Practices Act, the Plaintiff is entitled to recover three (3) times its actual damages, together with attorney's fees, and costs and expenses associated with this action.

FOR A FOURTH CAUSE OF ACTION<br>
<em>(Breach of Contract)</em>

34.    The Plaintiff repeats and realleges the allegations of Paragraphs One (1) through Twelve (12) of this Complaint as if realleged herein verbatim.

34.    This Court has pendent jurisdiction to hear and determine the allegations of this Fourth Cause of Action.

35.    That the Plaintiff entered into contracts with the Defendants for the purchase of the vehicle referenced in Paragraph Eight (8) of this Complaint upon the representations by the Defendants that the said vehicles were in good condition, could be operated and used safely and dependably upon the roads of the Sate of South Carolina.

36.    Each of the contracts for purchase of the vehicles referenced in Paragraph Eight (8) of this Complaint contained and incorporated an implied covenant of good faith and fair dealing.

37.    The Defendants breached the terms of each of the contracts for sale of the vehicles referred to in Paragraph Eight (8) of this Complaint, in that the Defendants sold vehicles to the Plaintiff which were not in good condition, for which the vehicle odometers had been tampered, and in which the Defendants acted unfairly and in bad faith.

38.    By reason of the aforesaid breaches of contract by the Defendants, the Plaintiff has incurred numerous repair bills to keep the vehicles operational, the Plaintiff has lost the benefit of its bargain for the said vehicles, the Plaintiff has paid more for the vehicle than what they are worth, and it has been required to pay increased insurance premiums upon the vehicles based upon the asserted, rather than actual, value of each vehicle.

39.    By reason of the aforesaid breach of contract by the Defendants, the Plaintiff is entitled to recover such actual damages as shall be determined by a jury of its peers.

FOR A FIFTH CAUSE OF ACTION
(*Breach of Contract Accompanied by a Fraudulent Act*)

40.    The Plaintiff repeats and realleges the allegations of Paragraphs One (1) through Twelve (12) of this Complaint as if realleged herein verbatim.

41.    This Court has pendent jurisdiction to hear and determine the allegations of this Fifth Cause of Action.

42.    The aforesaid breach of contract by the Defendants was accompanied by the fraudulent act with respect to each vehicle of altering and rolling back the odometers of each vehicle, which fraudulent act accompanied the misrepresentations made and the breach of contract by the Defendants regarding the value and dependability of each vehicle.

43.    By reason of the aforesaid breach of contract accompanied by a fraudulent act, the Plaintiff is entitled to recover actual damages, and such punitive damages as may be determined by a jury.

FOR A SIXTH CAUSE OF ACTION
(*Constructive Fraud*)

44.    The Plaintiff repeats and realleges the allegations of Paragraphs One (1) through

Page -9-

Twelve (12) of this Complaint as if realleged herein verbatim.

45.    This Court has pendent jurisdiction to hear and determine the allegations of this Sixth Cause of Action.

46.    The Defendants failed to disclose material facts regarding the vehicles referred to in Paragraph Eight (8) of ths Complaint, and have made false representations of material fact to the Plaintiff.

47.    The Defendants knew or should have known that the representations made to the Plaintiff regarding the mileage and reliability of the vehicles which were made to the Plaintiffs were false.

48.    The Plaintiff was unaware of the falsity of the representations regarding the mileage and reliability of the vehicles the time the representations were made.

49.    The Plaintiff was unable to and did not discover the falsity of the representations made by the Defendants prior to the execution of the contracts with the Defendants.

50.    The Plaintiff had a right to rely and did rely upon the representations made by the Defendants.

51.    The Defendants had an obligation to inform the Plaintiff that the vehicles identified in Paragraph Eight (8) of this Complaint failed to accurately reflect the actual mileage upon the vehicle, that the actual mileage upon each vehicle was substantially greater than stated, and that the vehicles would not be as reliable and dependable as a result of the excess wear and tear than as represented.

52.    The Defendants' failure to disclose the odometer discrepancies and the depreciated condition of the vehicles constitutes fraudulent concealment or nondisclosure of material facts

regarding the transaction.

53.    As a result of the Defendants' constructive fraud, the Plaintiff has been damaged in that it has incurred numerous repair bills to keep the vehicles operational, the Plaintiff has lost the benefit of its bargain for the said vehicles, the Plaintiff has paid more for the vehicle than what they are worth, and it has been required to pay increased insurance premiums upon the vehicles based upon the asserted, rather than actual, value of each vehicle.

54.    By reason of the aforesaid constructive fraud committed by the Defendants, the Plaintiff is entitled to recover actual damages, and such punitive damages as may be determined by a jury.

WHEREFORE, having fully complained of the Defendants, the Plaintiff prays that this Court take jurisdiction hereof, and render judgment in favor of the Plaintiff and against the Defendants:

a)    Under the First Cause of Action, against the Defendants jointly and severally in the amount of three (3) times the actual damages incurred for each such violation, or Ten Thousand and no/100 ($10,000.00) Dollars for each such violation, whichever is greater, plus the costs, expenses and attorneys fees incurred in bringing this action and recovering judgment hereunder;

b)    Under the Second Cause of Action, against the Defendants jointly and severally in the amount of double the actual damages sustained arising from the sale and operation of each vehicle, punitive damages in the amount of three times the actual damages sustained, plus the costs, expenses and attorneys fees incurred in prosecuting this action;

c)    Under the Third Cause of Action, against the Defendants jointly and severally in the amount of three (3) times its actual damages, together with attorney's fees, and costs and expenses associated with this action;

d)    Under the Fourth Cause of Action, against the Defendants jointly and severally in the amount of its actual damages;

e)    Under the Fifth Cause of Action, against the Defendants jointly and severally in the amount of its actual damages, and such punitive damages as may be determined by a jury;

f)    Under the Sixth Cause of Action, against the Defendants jointly and severally in the amount of its actual damages, and such punitive damages as may be determined by a jury; and

g)    for such further and other relief as this Court may deem just and appropriate.

BERNSTEIN & BERNSTEIN, P.A.

 s/Robert A. Bernstein
Robert A. Bernstein    Federal ID No. 1311
5418-B Rivers Avenue
North Charleston, SC 29406-6129
(843) 529-1111; (843) 529-0035 (fax)
rbernstein@bernsteinpa.com
ATTORNEYS FOR PLAINTIFF

January 2, 2018

*Plaintiff Demands Trial by Jury*